# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH FRAZIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LARRY CHISOLM and OFFICERS ) <br> AND OFFICERS OF THE COURTS, ) <br> *Individually and in their official* ) <br> *capacities,* ) <br> ) <br> Defendants. ) | Case No. CV411-252 |

## REPORT AND RECOMMENDATION

Kenneth Frazier once again seeks a federal injunction against his ongoing state prosecution. (Doc. 1); *see Frazier v. Chisolm*, No. CR411-050 (S.D. Ga. May 27, 2011) (essentially the same case, which was dismissed under abstention principles explained in *Younger v. Harris*, 401 U.S. 37 (1971)). Hoping to find some way to sidestep the Court's earlier abstention-based dismissal, Frazier has filed a "petition" raising every claim he could conceive of, including claims under criminal statutes which he has no power to invoke. (Doc. 1 at 1 (invoking 18 U.S.C. § 241 & 242, which are criminal statutes that do not give rise to a private right of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414,

415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).)

The Court already advised Frazier that a federal court may not interfere with the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). While Frazier insists that the prosecution is in bad faith and for the purpose of harassment, he still has not come close to showing "a 'substantial allegation' showing actual bad faith" or that he will suffer any irreparable harm. *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (footnote omitted). Nor has he shown that he has exhausted his state remedies, a necessary predicate to petitioning this Court for

habeas review under 28 U.S.C. § 2241. *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (a habeas petitioner under § 2241 must exhaust his state remedies prior to federal review).

Frazier's case should be **DISMISSED**. Additionally, he is advised that the Court will impose sanctions against him if he continues to burden the Court with such frivolous matters.

Meanwhile, Frazier must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $9. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $9 from Frazier's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next

institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this  12th  day of December, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KENNETH FRAZIER, )
)
    Plaintiff, )
)
v. )   Case No. CV411-252
)
LARRY CHISOLM and OFFICERS )
AND OFFICERS OF THE COURTS, )
*Individually and in their official* )
*capacities*, )
)
    Defendants. )

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    As a condition to proceeding with this lawsuit, I hereby consent for the appropriate prison officials to withhold from my prison account and pay to the Court an initial partial filing fee equal to 20 percent of the greater of

        (a)    the average monthly deposits to my account, or

        (b)    the average monthly balance in my account

for the six-month period immediately preceding the filing of my complaint. I understand that I may not withdraw any monies from my account until this initial payment has been paid.

    After the payment of any initial partial filing fee, I further consent for the appropriate prison officials to collect from my account on a continuing basis each month an amount equal to 20 percent of all deposits credited to my account. Each time the set aside amount reaches $10.00, the trust officer shall forward the payment to the Clerk's office, United States District Court, P.O. Box 8286, Savannah, Georgia, until such time as the $350.00 filing fee is paid in full.

    By executing this document, I also authorize collection on a continuing basis of any additional costs which may be imposed by the Court.

Date: _____    Plaintiff's Signature: _____

                              Plaintiff's Prison No: _____